**Jeffrey SHAPIRO and The Estate of Jane Shapiro, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–6364–CIV.**

United States District Court,
S.D. Florida.

Oct. 8, 1996.

Sherin V. Reynolds, Jay J. Reynolds, Boca Raton, FL, for Plaintiffs.

Robert J. Higgins, U.S. Department of Justice, Washington, D.C., for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Summary Judgment (docket no. 34), filed on April 25, 1996; and Defendant's Cross–Motion for Summary Judgment (docket no. 47), filed on June 27, 1996. A hearing on these motions was held before the undersigned, United States District Judge Moreno, on June 25, 1996.

THE COURT has considered the motions, responses and the pertinent portions of the record, including the oral arguments asserted by counsel in open court, and being otherwise fully advised in the premises, it is

ADJUDGED that Defendant's Motion for Summary Judgment is **GRANTED.** Therefore it is

ADJUDGED that Plaintiffs' Motion for Summary Judgment is **DENIED.**

### *LEGAL STANDARD*

Summary judgment is authorized only when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

If the record presents factual issues, the court must not decide them. Instead, the Court must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969); *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir., 1982).

The party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. Only when that burden has been met by the movant does the burden shift to the non-moving party to demonstrate that there is indeed a issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991). The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; the non-

moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-movant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able to reasonably find for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

## STATEMENT OF FACTS

Plaintiffs, Jeffrey and Jane Shapiro, brought this action against the United States on April 25, 1995, to correct a computation and recomputation of income taxes, penalties and interest, which Plaintiffs claim were erroneously and illegally assessed against them.[1] During the 1985 tax year, Plaintiffs had an investment in a tax sheltered limited partnership known as GTE–83 Leasing Associates ("GTE–83 Leasing"). Plaintiffs move for summary judgment claiming that the Internal Revenue Service ("I.R.S.") was barred by the statute of limitations when it issued the 1985 Final Partnership Administrative Adjustment ("FPAA") for GTE–83 Leasing in March of 1991, and later made assessments to their 1985 individual income tax return based on the partnership adjustments.[2] The sole issue raised in Plaintiffs' motion is whether the FPAA for the 1985 tax year, and the assessments against Plaintiffs resulting therefrom, are barred by the statute of limitations.

Plaintiffs filed a joint federal income tax return for the year 1985 with the I.R.S. on June 28, 1986. According to Plaintiffs' computation, income taxes in the amount of $62,-217.00 were due for the 1985 tax year, which Plaintiffs paid in full at the time the return was filed. (*See* Affidavit of Jeffrey Shapiro at ¶ 6; *see also* Plaintiffs' Exhibit 2). On November 11, 1988, the I.R.S. sent a letter to

RRI XX Management Corporation, the Notice Partner of GTE–83 Leasing, advising of the beginning of an audit examination of the 1985 partnership return for GTE–83 Leasing. (*See* Plaintiffs' Exhibit 14). Thereafter, on March 25, 1991, the I.R.S. sent a notice of Final Partnership Administrative Adjustment ("FPAA") to Plaintiff, to the Tax Matters Partner for GTE–83 Leasing and to RRI XX Management Corporation, advising of the administrative adjustments to the partnership return for 1985. (*See* Shapiro Affidavit at ¶ 20–22; *see also* Plaintiffs' Exhibits 15–17).

Plaintiffs assert that they did not sign any agreement with the I.R.S. to extend the statute of limitations for making an assessment against them for the taxable year 1985. (*See* Shapiro Affidavit at ¶ 34). However, the Tax Matters Partner and RRI XX Management Corporation signed an agreement with the District Director of the I.R.S. on a Form 872–P, entitled Consent to Extend Time to Assess Tax Attributable to Items of a Partnership, which extended the time for making an assessment against GTE–83 Leasing to December 31, 1989. (*See Id.* at ¶ 13; *see also* Plaintiffs' Exhibit 8). Plaintiffs claim that no other extensions were granted to the I.R.S. with respect to assessments against the partnership for the 1985 tax year.

Although neither the Tax Matters Partner nor RRI XX Management Corporation filed a petition in the United States Tax Court, Claims Court or District Court, several of the limited partners of GTE–83 Leasing did file petitions with the United States Tax Court. Pursuant to the rules of the Tax Court, only the first petition filed would be heard by the Court and all other petitions would be dismissed, with leave for the other partners to participate in the first action. The I.R.S. notified Plaintiffs of these rules and of their rights to file a petition in the Notice of Final Partnership Administrative Adjustment for the tax year 1985, which was

---

1. During the pendency of this action, the Estate of Jane Shapiro was substituted as a party plaintiff for Jane Shapiro after Plaintiffs' counsel placed a suggestion of her death upon the record.

2. Plaintiffs originally disputed the assessments made against them for the 1984 tax year, however, they now concede all issues regarding the 1984 assessment after the Internal Revenue Service recomputed the tax deficiency.

mailed to them on March 25, 1991. (*See* Plaintiffs' Exhibit 17). The first case filed was *GTE 83 Leasing Associates, Bessie D. Effenson, A Partner Other Than The Tax Matters Partner v. C.I.R.*, which was eventually dismissed by the Tax Court for failure to prosecute. The Tax Court issued its Opinion and Decision on January 11, 1994, and held that the partnership adjustments for GTE–83 Leasing for the taxable year 1985 were correct as determined in the Notice of Final Partnership Administrative Adjustment.

Based on the *Effenson* ruling that the FPAA was correct, the I.R.S. made adjustments to Plaintiffs' individual income tax return for 1985, assessing an audit deficiency in the amount of $80,577.00 and restricted interest in the amount of $133,649.43. Additionally, on February 2, 1995, the I.R.S. made a further assessment for restricted interest in the amount of $2,678.49; and again on March 27, 1995, assessments were made for an audit deficiency in the amount of $121,948.00 and restricted interest in the amount of $24,-399.59. The I.R.S. maintains that Plaintiffs owe the sum of $253,252.51 for the 1985 taxable year, plus any interest accruing until payment.

Plaintiffs move for summary judgment, claiming that assessments made against them for the 1985 tax year, which were based on the FPAA for GTE–83 Leasing, are barred by the three year statute of limitations as set forth in 26 U.S.C. § 6229(a). In response to Plaintiffs' motion, Defendant filed a cross-motion for summary judgment arguing that Plaintiffs' action is barred by the doctrine of *res judicata*. Therefore, the Court will first address the arguments raised by Defendant to determine whether Plaintiffs are barred from bringing this action.

### LEGAL ANALYSIS

Defendant moves for summary judgment against Plaintiffs, asserting that the United States Tax Court determined that the partnership adjustments for GTE–83 Leasing made by the I.R.S. for the tax year 1985 were correct as set forth in the FPAA, and Plaintiffs are bound by that decision. Thus, Defendant argues that Plaintiff's present action, challenging the assessments made against them for the 1985 tax year which were based on the FPAA, is barred by principles of *res judicata*.

Pursuant to section 6226 of the Internal Revenue Code of 1986, 26 U.S.C., the tax matters partner may challenge an FPAA and petition for a readjustment of the partnership items for the taxable year involved in the United States Tax Court, in the appropriate United States District Court, or in the Claims Court. *See* 26 U.S.C. § 6226(a). If the tax matters partner fails to file a readjustment petition with respect to the FPAA, a partner may file such a petition for readjustment of the partnership items. *See* 26 U.S.C. § 6226(b). The Court in which judicial review is sought has jurisdiction "to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners." 26 U.S.C. § 6226(f).

In a proceeding brought under 6226(a) and 6226(b), all partners are treated as if they were parties to the action, therefore, all partners are bound by a decision rendered by an appropriate court. *See* 26 U.S.C. § 6226(c). Defendant argues that if the FPAA for the 1985 tax year was issued after the statute of limitations had expired, as Plaintiffs allege, than this issue could have been raised in the earlier proceeding brought by one of the partners of GTE–83 Leasing, *Effenson v. C.I.R.*, docket no. 13412–91. Defendant asserts that Plaintiffs were considered parties to the earlier Tax Court proceeding, and had the right to participate in that action. *See* 26 U.S.C. § 6226(c)(2).

The United States Tax Court dismissed the *Effenson* case for failure to properly prosecute in its Order of Dismissal and Decision, issued January 11, 1994, and found that the partnership adjustments for GTE–83 Leasing for the taxable year 1985 were correct. Therefore, Defendant maintains that Plaintiffs are bound by the Tax Court's decision, which was a dismissal on the merits, and are barred by principles of *res judicata* from relitigating their liability with respect to the 1985 FPAA. Additionally, Defendant asserts that Plaintiffs are also barred by

principles of *res judicata* from moving for summary judgment based on the expiration of the statute of limitations for making partnership assessments for the 1985 tax year, as this issue could have been raised in the prior Tax Court proceeding. The Court agrees.

■ The doctrine of *res judicata*, or claim preclusion, bars the subsequent filing of claims which were raised or could have been raised in a prior proceeding. *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990). This doctrine operates to bar a subsequent lawsuit when four elements are present:

> (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases.

*Id.* at 1501 (11th Cir.1986). The doctrine of *res judicata* is applicable in income tax cases. *U.S. v. International Bldg. Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Comm'r v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Baptiste v. Commissioner of Internal Revenue*, 29 F.3d. 1533, 1539 (11th Cir.1994). In *Sunnen*, the Supreme Court stated, in the context of a cause of action based on income taxes,

> ... a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit.

*Sunnen*, 333 U.S. at 598, 68 S.Ct. at 719–20. Additionally, *res judicata* bars subsequent litigation of any issue that was raised or could have been raised in the prior proceeding. *Id.* at 597, 68 S.Ct. at 719; *Citibank*, 904 F.2d at 1501.

■ The Court finds that the first element of *res judicata* is present in this case. In its Order of Dismissal and Decision, the *Effenson* Court dismissed the plaintiff's claim and found that the partnership adjustments for GTE–83 Leasing for the taxable year 1985 were correct as determined and set forth in the Notice of Final Partnership Administrative Adjustment, upon which that case was based. According to Section 6226(h) of the Internal Revenue Code, if an action brought under section 6226 is dismissed, "the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct, and an appropriate order shall be entered in the records of the court." 26 U.S.C. § 6226(h). Furthermore, under the Federal Rules of Civil Procedure, an action that is dismissed for failure of a plaintiff to prosecute "operates as an adjudication upon the merits." Federal Rule of Civil Procedure 41(b). The Court finds that the Order of Dismissal and Decision issued in *Effenson* was a final judgment on the merits for purposes of *res judicata* and was issued by a court of competent jurisdiction.

■ The Court also finds that Plaintiffs were parties in the *Effenson* case, the first petition to be filed in the Tax Court by a partner of GTE–83 Leasing pursuant to section 6226(b) of the Internal Revenue Code, thus satisfying the third element of *res judicata*. Although Plaintiffs were not named as parties to the action, they were bound by the Tax Court's decision. According to section 6226(c) of the Internal Revenue Code, if an action is brought by a partner under § 6226(a) or (b) with respect to a partnership for any partnership taxable year, "each person who was a partner in such partnership at any time during such year shall be treated as a party to such action ...," and shall have the right to participate in that action. 26 U.S.C. § 6226(c)(1) and (2).

■ Furthermore, *res judicata* binds not only parties to the prior proceeding, but persons in privity with parties to the prior proceeding. *Baptiste v. Comm'r*, 29 F.3d 1533, 1539 (11th Cir.1994). As stated by the Eleventh Circuit:

> Privity is defined as "a relationship between one who is a party of record and a nonparty that is sufficiently close so a

judgment for or against the party should bind or protect the nonparty." [citations omitted]. Privity exists where a party to the original suit is "so closely aligned to a nonparty's interest as to be his virtual representative." [citation omitted]. *NAACP v. Hunt*, 891 F.2d 1555, 1560–61 (11th Cir.1990). Defendants assert that Plaintiffs were in privity with the GTE–83 Leasing partnership, which was a named party in the *Effenson* action. *See Lowell Staats Mining Co., Inc. v. Philadelphia Electric Co.*, 878 F.2d 1271, 1279 (10th Cir.1989). The Court finds that not only were Plaintiffs considered parties to the *Effenson* action pursuant to § 6226(c) of the Internal Revenue Code, but were additionally in privity with the GTE–83 partnership, which was named as a plaintiff in that action.[3]

■ Lastly, the Court finds that the fourth element of *res judicata* is present in this case. The *Effenson* case, in which plaintiff sought a readjustment of the partnership items, was based on the Notice of FPAA for GTE–83 Leasing for the 1985 tax year, which was issued March 25, 1991. (*See* Plaintiff's Exhibit 15 & 16). Based on the *Effenson* Court's decision that the partnership adjustments for the 1985 tax year as determined in the Notice of FPAA were correct, the I.R.S. made assessments against Plaintiffs with regard to their individual income tax return for 1985. (*See* Plaintiffs' Exhibits 17 & 23). It is these assessments and the adjustments to the 1985 partnership return which are the subject of Plaintiffs' present action, in which Plaintiffs assert that the I.R.S. erred in its recomputations for the 1985 taxable year when it adjusted GTE–83 Leasing's income to $123,671 on their tax return. (*See* Plaintiffs' Complaint, ¶ 16, 17). The principal test for comparing causes of action for purposes of *res judicata* is whether the same primary right or duty or the same wrongful act is involved in each action. *See Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir.1979); *see also Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir.1984) (*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact). Thus, both actions are based on the same "wrongful" act, the allegedly erroneous partnership adjustments made by the I.R.S. in the 1985 Notice of FPAA. *Res judicata* requires that the fact or issue that was previously adjudicated remain adjudicated. *Kemp*, 608 F.2d at 1052. Therefore, the Court finds that the fourth element of *res judicata* is satisfied, and Plaintiffs are bound by the Tax Court decision and are barred from relitigating their liability based upon the 1985 FPAA.

The Court will now address Plaintiffs' Motion for Summary Judgment based on the statute of limitations. Plaintiffs move for summary judgment maintaining that the FPAA for GTE–83 Leasing was issued outside of the statute of limitations period and the extension period which the I.R.S. had obtained by agreement of the Tax Matters Partner. Pursuant to section 6229 of the Internal Revenue Code of 1986, there is a three year statute of limitations for assessing any tax imposed with respect to any person which is attributable to a partnership item. *See* 26 U.S.C. § 6229(a). Plaintiffs claim that the I.R.S. was granted an extension until December 31, 1989 in which to make assessments on GTE–83 Leasing partnership, however, it did not issue the Notice of FPAA until March of 1991. (*See* Plaintiff's Exhibit 8). Thus, at the time that the initial suit was brought in Tax Court, Plaintiffs could have asserted their argument based on the statute of limitations. The doctrine of *res judicata* bars all claims that were raised or could have been raised in the prior proceeding. *Citibank*, 904 F.2d at 1501. Plaintiffs are barred by the doctrine of *res judicata* from raising the statute of limitations argument at this later proceeding.

Furthermore, the Court rejects Plaintiff's argument that the assessments to their 1985 individual income tax return made in December of 1994 and February and March of 1995 are barred by the statute of limitations. As

---

**3.** Plaintiffs fail to assert or provide any evidence that they fall within one of the exceptions listed in § 6226(d), which would prevent them from being considered parties to the prior Tax Court proceeding. Therefore, the Court finds that the exceptions of § 6226(d) do not apply to these Plaintiffs.

discussed above, Plaintiffs are precluded from challenging the Notice of FPAA issued in 1991, which was the subject of the *Effenson* action. Thereafter, once the *Effenson* petition was filed, the Secretary of the Treasury was prohibited from making the assessments based on the FPAA for GTE–83 Leasing until the Tax Court proceeding became final. *See* 26 U.S.C. § 6229(d)(1). Furthermore, after the Tax Court proceeding commenced, the period for making assessments was suspended until **one year after** the Tax Court decision became final. *See* 26 U.S.C. § 6229(d)(2). The Tax Court decision was issued on January 11, 1994, and became final on the last day for filing an appeal, April 11, 1994. *See* 26 U.S.C. § 7483. Therefore, the last date for making assessments based on the partnership adjustments for GTE–83 Leasing was April 11, 1995. All assessments to Plaintiffs' individual income tax return were made on or before March 21, 1995, within the one year period. *See* 26 U.S.C. § 6229(d).

Thus, the Court finds that based on principles of *res judicata*, Plaintiffs are precluded from challenging the FPAA for GTE–83 Leasing for the 1985 tax year, and any assessments made against Plaintiffs' 1985 individual income tax return based on these partnership adjustments. Plaintiffs failed to raise their claims at the earlier Tax Court proceeding, and are barred from asserting them in this cause of action.

### CONCLUSION

For the reasons stated above, it is

ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED. The Court finds that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, it is

ADJUDGED that Plaintiffs' Motion for Summary Judgment is DENIED.