**CITIBANK, N.A., Plaintiff,**

v.

**DATA LEASE FINANCIAL CORP., Defendant.**

**No. 78–5747–Civ.**

United States District Court, S.D. Florida, Miami Division.

Jan. 26, 1989.

John H. Schulte, Tew Jorden Schulte & Beasley, Miami, Fla., for plaintiff.

Bruce W. Greer, Greer, Homer, Cope & Bonner, Miami, Fla., for defendant.

## ORDER DENYING MOTION TO VACATE

NESBITT, District Judge.

This cause is before the Court on Data Lease's Motion to Reconsider and Vacate Memorandum Opinion and Order of Dismissal, filed on December 2, 1988, 700 F.Supp. 1099. The Court has revisited the issues raised in the Memorandum Opinion, has carefully considered the arguments presented in the moving papers and at oral argument, and has undertaken extensive independent research, and concludes that the motion to vacate must be denied. For purposes of a complete record, and for the sake of brevity, the Court's Memorandum Opinion and Order of Dismissal dated December 2, 1988 is incorporated herein by reference.

In the Memorandum Opinion and Order of Dismissal, the Court granted Citibank's Motion to Dismiss Data Lease's Counterclaims and Strike Data Lease's Affirmative Defenses. As Data Lease argues in the pending motion, Citibank's motion to dismiss was indeed filed on the eve of trial and was improperly styled as a motion to dismiss. The Court notes, however, that Data Lease did not request a continuance of the trial, and urged the Court to resolve the motion before jury selection because it was, in counsel's word, potentially "dispositive" of the entire case. Data Lease's lamentations regarding the sufficiency of time allowed for a response to the motion to dismiss strike the Court as disingenuous at best.[1] Counsel for Data Lease stated at oral argument, "We have had a substantial amount of time now" and repeatedly said that no new facts had come to light since the first hearing on the motion to dismiss.[2] (tr. Jan. 19, 1989 at 2). Therefore, the Court considers any objection as to the timeliness of the motion to dismiss to have been rendered moot. The Court also finds that the dispositive issue involved here is a question of law that should have been raised in a motion for summary judgment rather than in a motion to dismiss, but again, counsel having had "substantial" time to respond, the procedural flaw has not prejudiced Data Lease.

Data Lease's motion to vacate presents a two-step argument: (1) the dismissal with prejudice of the directors does not preclude Data Lease from trying its claims against Citibank, but if it does, (2) the Court has a duty to "do justice" under Fed.R.Civ.P. 54(b) and relieve the parties from the legal

---

1. Similarly, Data Lease's assertion at oral argument that the court "needs to require the parties to enter into a better pretrial stipulation that this court can understand and go through, and a time needs to be set aside to have a pretrial conference ..." (tr. Jan. 19, 1989 at 37) borders on impertinence. The court's scheduling order dated April 22, 1988 gave the parties almost six months in which to prepare a Joint Statement of Contested and Uncontested Facts, a Joint Pretrial Stipulation, and Joint Proposed Jury Instructions, yet the parties complied at the last minute, or after each deadline, and then only when threatened with a contempt citation.

2. The Court notes that two motions were under consideration immediately before trial: Citibank's motion to dismiss, and Data Lease's "Motion For Evidentiary Hearing and to Vacate or Amend Stipulation and Order Dismissing All Claims by Data Lease Against the Directors With Prejudice," filed on November 28, 1988. The Court heard arguments on both motions, and granted the motion to dismiss and denied the motion to vacate in the memorandum opinion.

consequences of the stipulation of dismissal with prejudice.

■ Data Lease has cited no authority to counter the proposition that a stipulation of dismissal with prejudice constitutes an adjudication on the merits of a claim. Indeed, this is a statement of black-letter law. *See* 5 Moore's Fed. Prac. ¶¶ 41.02[2], 41.05[2] (2d ed. 1988). As the Court noted in the Memorandum Opinion, the parties to the stipulation intended to prejudice Data Lease's claims against the directors. In exchange for one million dollars, Data Lease relinquished the right to proceed against the directors; in agreeing to dismiss the claims with prejudice, Data Lease agreed to an adverse adjudication on the particular issue of the directors' liability. The practical effect of that negative adjudication is that Data Lease left itself with no one to sue.[3] Under Florida law, "a principal cannot be held liable if the agent is exonerated." *Bankers Multiple Life Ins. Co. v. Farish*, 464 So.2d 530, 532 (Fla. 1985).[4] The Court does not find now, nor did it find in the Memorandum Opinion, that Data Lease intended to prejudice its claims against Citibank. Data Lease intended to dismiss the directors with prejudice, but did not intend the legal consequences of that dismissal.

Counsel for Data Lease urges that the Court has a duty to do justice among the parties, and to vacate the stipulation if the Court concludes that Data Lease has precluded itself from proceeding against Citibank.[5] Again, Data Lease has offered no authority contrary to this Court's conclusion that a stipulation of dismissal under Fed.R.Civ.P. 41(a)(1)(ii) does, in fact, have the legal effect of terminating an action, without the necessity of an order of court.

*See* 5 Moore's Fed.Prac. ¶ 41.02[2] & ¶ 41.4 (Supp.1989). Under Rule 54(b), urged as controlling by Data Lease, the court can amend any interlocutory order; however, the stipulation, not the order, is the dispositive document in a Rule 41(a)(1)(ii) case. The Court does not have the authority to vacate a stipulation upon the motion of only one party to the stipulation. Indeed, the directors did not join in the motion to vacate the stipulation, and there still has been no indication that they would.

For these reasons, the Court affirms the Memorandum Opinion and Order of Dismissal dated December 2, 1988, and Data Lease's motion to vacate the opinion is hereby DENIED. Citibank is hereby directed to submit detailed affidavits as to the amount of principal and interest due, including an explanation of the calculations used to determine the amount. Citibank shall submit these documents on or before January 31, 1989; Data Lease may file equally detailed affidavits in response on or before February 8, 1989. The amount of attorney's fees and costs shall be determined by appropriate post-judgment motions.

DONE and ORDERED.

---

3. The posture of this case is the same as if the Court had entered summary judgment, or if a jury had returned a verdict, in favor of the directors on the question of liability.

4. Not only did Data Lease stipulate that agency was the central question in this case (Nov. 7, 1988 tr. at 26 & 30) but also acknowledged that all of the claims against Citibank as dependent on the liability of the directors.

5. Although counsel for Data Lease stated at oral argument that he was not asking the Court to

vacate or amend the stipulation of dismissal (Jan. 19, 1988 tr. at 22, 39), he requested the Court to do so not only in the motion to vacate the memorandum opinion (Data Lease's Motion to Reconsider and Vacate Memorandum Opinion and Order of Dismissal, filed on December 12, 1988 at 2, 14–16) but also in the Motion for Evidentiary Hearing and to Vacate or Amend Stipulation and Order of Dismissal filed on Nov. 28, 1988.