904 F.2d 1498
 16 Fed.R.Serv.3d 1337
 CITIBANK, N.A., Plaintiff-Counter-Defendant-Appellee,
v.
DATA LEASE FINANCIAL CORPORATION,
Defendant-Counter-Plaintiff-Third-Party-Plaintiff-Appellant,
v.
MIAMI NATIONAL BANK, et al., Third-Party Defendants.
 No. 89-5213.
 United States Court of Appeals,
Eleventh Circuit.
 July 5, 1990.
 
 1
 R. Lawrence Bonner, Greer, Homer & Bonner, Miami, Fla., Larry Klein, Klein, Beranek & Walsh, West Palm Beach, Fla., for Data Lease Financial Corp.
 
 
 2
 John H. Schulte, Michael D. Joblove, Paul J. McMahon, Jorden, Schulte & Burchette, Miami, Fla., Marc Cooper, Cooper, Wolfe & Bolotin, Miami, Fla., for Joseph Stefan.
 
 
 3
 Appeal from the United States District Court for the Southern District of Florida.
 
 
 4
 Before FAY and KRAVITCH, Circuit Judges, and KAUFMAN*, Senior District Judge.
 
 FRANK A. KAUFMAN, Senior District Judge:
 
 5
 This case, which was before the Fifth Circuit in 1981 and before this Circuit in 1987, was instituted in 1978 in the United States District Court for the Southern District of Florida. Herein, Citibank, N.A. (Citibank) originally sought to foreclose against collateral posted by Data Lease Financial Corporation (Data Lease) in connection with loans made by Citibank to Data Lease.[1] Diversity jurisdiction is present.
 
 BACKGROUND
 
 6
 In its answer to Citibank's complaint, Data Lease asserted twelve affirmative defenses to the foreclosure, and filed a counterclaim against Citibank and a third-party complaint. In the latter pleading, Data Lease named seven individuals as third-party defendants. In its counterclaim and third-party complaint, Data Lease contends, inter alia, that Citibank is vicariously liable for the misdeeds of the seven directors who, Data Lease alleges, were installed by Citibank as directors of Miami National Bank to act as agents of Citibank.[2]
 
 
 7
 In 1988, after the second remand by this court, Data Lease entered into a Settlement Agreement and Mutual Covenant Not to Sue with the seven director defendants, pursuant to which the directors agreed to make payment of $1,000,000 to Data Lease and Data Lease agreed to dismiss all third-party claims "with prejudice." In addition, their respective counsel signed a document entitled "Stipulation and Order Dismissing All Claims by Data Lease Against the Directors With Prejudice." The district court approved that stipulation and entered an order of dismissal under Fed.R.Civ.P. 41(a)(1). That order stated:
 
 
 8
 The foregoing stipulation is approved, and all claims by Data Lease solely against the Directors (but not Citibank) as therein defined are dismissed with prejudice.
 
 
 9
 Although, as indicated supra, the settlement agreement between Data Lease and the directors specifically dismissed the third-party complaint against the directors "with prejudice," that agreement also stated several times that it would have no effect on Data Lease's counterclaims against Citibank. For example, the settlement agreement contains this statement:
 
 
 10
 [T]his Agreement is not intended nor shall it be construed to extend to or to inure to the benefit of Citibank nor shall it impair or diminish the right or ability of Data Lease to defend against the Citibank claims or to take or assert as against Citibank or any of its insurers any actions or claims prohibited by this paragraph ... to be taken or asserted against the Outside Directors, nor shall it impair or diminish the right of or ability of Data Lease to maintain any defenses to Citibank's claims or any counterclaims against Citibank in the Lawsuit.
 
 
 11
 Thus, the intent of Data Lease is clear: Data Lease intended to dismiss its third-party claims against the directors while reserving its right to proceed against Citibank. However, Data Lease did not obtain the consent of Citibank to that agreement--it only obtained the consent of the seven directors.
 
 
 12
 Despite the express language in both the settlement agreement and the order of dismissal, Citibank in this case defends against Data Lease's asserted counterclaim of vicarious liability against Citibank, contending that the dismissal with prejudice of the alleged agents, i.e., the seven directors, extinguished Data Lease's claim of vicarious liability against Citibank, as a matter of law.[3] According to Citibank, that dismissal is an "adjudication on the merits" which has the legal effect of barring Data Lease's claim against Citibank, regardless of the intention of Data Lease and the seven directors. The district court agreed and entered judgment for Citibank. Data Lease now appeals. We affirm.
 
 LAW
 
 13
 "Under Florida law, 'a principal cannot be held liable if the agent is exonerated.' Bankers Multiple Life [sic] Ins. Co. v. Farish, 464 So.2d 530, 532 (Fla.1985)." Citibank, N.A. v. Data Lease Fin. Corp., 703 F.Supp. 80, 82 (S.D.Fla.1989) (footnote omitted). See also Walsingham v. Browning, 525 So.2d 996, 997 (Fla.Dist.Ct.App.1988): "In an action against an employer for the actions of the employee based upon the theory of vicarious liability or respondeat superior, the plaintiff must show liability on the part of the employee." Thus, the district court correctly stated and applied Florida law, for no matter what rights Data Lease intended to reserve against Citibank as the principal based on the latter's vicarious liability for the acts of the seven directors as agents, Data Lease gave up those rights when it caused its action in this case against the seven directors to be dismissed with prejudice, without any agreement or waiver by Citibank.
 
 
 14
 Nevertheless, even in a case which rests its subject matter jurisdiction solely upon diversity of citizenship, a federal court must apply federal law to determine the preclusive effect of a prior federal court decision. Empire Fire & Marine Ins. Co. v. J. Transport, 880 F.2d 1291, 1293 n. 2 (11th Cir.1989); Gibbs v. Air Canada, 810 F.2d 1529, 1535 (11th Cir.1987). It follows, then, that federal law defines the preclusive effect of a Rule 41(a) dismissal. See 5 J. Moore, Moore's Federal Practice p 41.14 at 41-198 (2d ed. 1988) ("Since the effect of dismissal under Rule 41 involves the construction of a federal rule, the effect of a judgment of dismissal involves a matter of federal law.").[4]
 
 
 15
 The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding. When claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir.1986); Kaspar Wire Works, Inc. v. Leco Eng'g and Mach., Inc., 575 F.2d 530, 535, et seq. (5th Cir.1978).[5]
 
 
 16
 Claim preclusion bars a subsequent lawsuit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved both cases." I.A. Durbin, 793 F.2d at 1549.[6]
 
 
 17
 As to the first said element, dismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits. The phrases "with prejudice" and "on the merits" are synonymous terms, both of which invoke the doctrine of claim preclusion. The district court's order dismissing Data Lease's third-party complaint against the directors with prejudice, entered by stipulation of the parties pursuant to Rule 41(a), is a "final judgment on the merits." Astron Indus. Assocs., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 960 (5th Cir.1968):[7] "It is clear that a stipulation of dismissal with prejudice ... at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." See 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2367 at 185-86 and n. 36 (1971 & Supp.1989). But see Gall v. South Branch Nat. Bank of S.D., 783 F.2d 125, 127 (8th Cir.1986).
 
 
 18
 As to the second element of claim preclusion, there is no dispute that the district court's order of dismissal was entered by a court of competent jurisdiction. That court had subject matter jurisdiction over the third-party claim by virtue of ancillary jurisdiction. As both Data Lease and the directors were citizens of Florida, the district court had personal jurisdiction over them.
 
 
 19
 The third element of claim preclusion provides that a judgment will only bar subsequent claims involving the same parties or their privies. Since Citibank was not included in the order of dismissal, Citibank must demonstrate that privity exists between it and the third-party defendant directors. Citibank and the directors are not in privity simply because Data Lease made identical claims against each of them. Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1473 (11th Cir.1986): " 'When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them.... Accordingly, a judgment for or against one obligor does not result in the merger or bar of the claim that the injured person may have against another obligor.' " Id., quoting Restatement (Second) of Judgments Sec. 49 comment a (1980). However, since Data Lease, in its counterclaim, is seeking damages against Citibank only under the theory of respondeat superior or vicarious liability,[8] Data Lease does not claim any injury from "concurrent or consecutive acts" of Citibank; rather, Data Lease seeks damages from Citibank solely on the basis of the alleged wrongful acts of its agents. This Circuit has not yet addressed claim preclusion in a case in which the party seeking its benefit is related by vicarious liability or respondeat superior to a defendant in a prior lawsuit or, as here, is so related to a defendant in the same lawsuit against whom claims have been dismissed with prejudice. However, as the Fifth Circuit has noted in Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir.1989):
 
 
 20
 Most other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued. See Fiumara v. Fireman's Fund Ins. Co., 746 F.2d 87, 92 (1st Cir.1984); Lambert v. Conrad, 536 F.2d 1183, 1186 (7th Cir.1976); Lober v. Moore, 417 F.2d 714 (D.C.Cir.1969); Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir.1959). But see Morgan v. City of Rawlins, 792 F.2d 975, 980 (10th Cir.1986).
 
 
 21
 In Lober v. Moore, 417 F.2d at 717-18, Judge Robinson wrote:
 
 
 22
 We need not, however, enter the debate on the relative merits of mutuality and nonmutuality, or explore the question whether either deserves exclusivity in this jurisdiction. For mutuality is not ironbound in the law of res judicata but, like so many other broad legal concepts, is subject to well defined exceptions. One such exception obtains where defendant's responsibility is derivative or secondary and it has been judicially determined that the situation is lacking in one or more of the conditions giving rise to it. Consequently it is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on respondeat superior. And conversely, it is the prevailing rule in the federal and state courts that a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim.[9]
 
 
 23
 Id. (footnotes omitted). Similarly, in Spector v. El Ranco, Inc., 263 F.2d at 145, the Ninth Circuit noted that
 
 
 24
 [w]here, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other. Consult 30A Am.Jur. Sec. 430 and authorities cited.
 
 
 25
 See also Lambert v. Conrad, 536 F.2d 1183, 1186 (7th Cir.1976); Cahill v. Arthur Andersen & Co., 659 F.Supp. 1115, 1120, et seq. (S.D.N.Y.1986), aff'd, 822 F.2d 14 (2d Cir.1987); Prosser and Keeton, The Law of Torts Sec. 69 at 499 n. 3 (5th ed. 1984) ("a judgment for A in an action brought against him by C is res judicata as to B's vicarious liability to C"). Finally, Restatement (Second) of Judgments Sec. 51 (1980) provides in part as follows:
 
 
 26
 (3) If the action is brought against the primary obligor and judgment is against the injured person, it extinguishes the claim against the person vicariously responsible if under applicable law the latter is an indemnitor whose liability arises only when the primary obligor is found liable to the injured person.
 
 
 27
 (4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action except:
 
 
 28
 (a) In the circumstances stated in Subsection (3)....
 
 
 29
 Accordingly, we conclude that the third element of claim preclusion, i.e., privity, is met herein.
 
 
 30
 As to the fourth element of claim preclusion, Data Lease's third-party claim against the agent directors and its counterclaim against Citibank for vicarious liability for the actions of its purported agents represent the same cause of action. "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." I.A. Durbin, 793 F.2d at 1549 (citations and footnote omitted). In other words, a court "must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in" the first cause of action. S.E.L. Maduro v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1482 (11th Cir.1987); see also Ruple v. City of Vermillion, S.D., 714 F.2d 860, 861 (8th Cir.1983), cert. denied, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984): "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Thus, the fourth element of claim preclusion, and all four elements thereof, are present in this case.
 
 
 31
 Nevertheless, Data Lease argues that a stipulation of dismissal does not constitute a judgment on the merits unless the parties so intended. In support of that contention, Data Lease relies on Balbirer v. Austin, 790 F.2d 1524, 1528 (11th Cir.1986), which states "that a consent judgment cannot constitute collateral estoppel unless the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue." Since, in its settlement agreement with the agent directors, Data Lease clearly articulated its intent that the dismissal of the directors with prejudice not bar any of its claims against Citibank, Data Lease urges that its claim of vicarious liability against Citibank is not subject to preclusion.[10]
 
 
 32
 The preclusive effect of consent judgments is in some instances different, depending upon whether res judicata (claim preclusion) or collateral estoppel (issue preclusion) is involved. "[C]onsent judgments ordinarily support claim preclusion but not issue preclusion." 18 C. Wright, A. Miller & E. Cooper Sec. 4443 at 385 (footnote omitted). In that regard, in Kaspar, 575 F.2d at 538-39, the Fifth Circuit wrote:[11]
 
 
 33
 [B]ecause even a consent decree is a judicial determination, in run of the docket cases it is given the finality accorded under the rules of claim preclusion. This is, in part, for the reason eloquently stated by Professors Moore and Currier:
 
 
 34
 [T]he judgment is not an inter partes contract; the court is not properly a recorder of contracts, but is an organ of government constituted to make judicial decisions and when it has rendered a consent judgment it has made an adjudication.
 
 
 35
 Thus, consent decrees have been given res judicata effect in many cases....
 
 
 36
 Different rules, however, apply to consent decrees with respect to issue preclusion because the purpose of a consent decree is typically to avoid the litigation of any issue....
 
 
 37
 ....
 
 
 38
 The importance of the intention of the parties is stressed by Moore's treatise which expresses the view that, although consent judgments are "res judicata as to the causes of action adjudged," they "should not be given conclusive effect under the doctrine of collateral estoppel" although they "may in some instances, by virtue of the parties' intent, be given conclusive effect as to the issues involved."
 
 
 39
 Id., quoting 1B J. Moore, Moore's Federal Practice p 0.409 at 1030; p 0.443 at 3909 (2d ed. 1965) (citations omitted).
 
 
 40
 In this case, it is clear that Data Lease did not intend that the stipulated dismissal with prejudice would constitute a final judgment of a particular issue, i.e., claims against Citibank. Thus, it may well be that those claims are not barred by collateral estoppel or issue preclusion. However, that intent does not eliminate the res judicata or claim preclusive effect in favor of Citibank of the final judgment against the directors. That is because, inter alia, what happened in this case is that Data Lease, in entering into the settlement with the directors, tried to reserve its rights against Citibank but agreed to a court order dismissing its claim against the directors, with prejudice. It is true that the directors agreed to Data Lease's reservation of claims against Citibank. However, Citibank, not a party to the settlement between Data Lease and the directors, did not so agree. Further, the directors have not in any way relieved Data Lease of the right of the directors to have continued in full force and effect the order of dismissal, with prejudice, as to all claims against the directors by Data Lease. That means that Data Lease's reservation against Citibank is of no value to Data Lease because, for reasons fully discussed supra in this opinion, Data Lease cannot proceed against Citibank on the basis of vicarious liability if the liability of the directors (i.e., the alleged agents of Citibank) has been extinguished.
 
 
 41
 In Nemaizer v. Baker, 793 F.2d 58 (2d Cir.1986), the Second Circuit rejected the contention that a stipulated dismissal with prejudice did not bar a subsequent action between the same parties simply because one of the parties did not intend such a result. In that case, the parties had entered into a stipulation of dismissal of the plaintiffs' claims. That stipulation was incorporated into an order of dismissal signed by the district court. In a subsequent case between the same parties, plaintiffs sought to avoid dismissal upon res judicata grounds by persuading the district judge in the prior case to modify the earlier "with prejudice" order to encompass only a dismissal of certain state law claims and not the dismissal of other federal law claims despite the fact that the order, by its own words, covered all claims. The judge who had originally entered the order in the first case accepted plaintiffs' contention of mistake and entered in the second case the requested order of modification, concluding that plaintiffs' intent in entering the stipulation was not to dismiss all claims against the defendant, but rather only certain state law claims, and that equity dictated affording to plaintiffs the opportunity to raise in the subsequent suit the claims which plaintiffs had intended not to include in the settlement in the first case. The Second Circuit, in reversing, wrote:
 
 
 42
 A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. Such a dismissal constitutes a final judgment with the preclusive effect of "res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit."
 
 
 43
 A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings....
 
 
 44
 Id. at 60-61 (citations omitted), quoting Heiser v. Woodruff, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946). Accordingly, the Second Circuit concluded that the grant of relief from the prior dismissal with prejudice was error, despite the fact that the plaintiffs plainly did not intend the dismissal to affect the related federal claims. In that regard, the Second Circuit stated that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment" under Rule 60(b). Id. at 62.
 
 
 45
 In Nemaizer, there was no statement in any settlement document or court order of dismissal that all claims were not dismissed or that certain claims were reserved. In the within case, it is stated in the settlement agreement and in the order of dismissal that Data Lease was reserving all of its claims against Citibank. Yet the basic refusal of the Second Circuit to permit the district court to use its discretion to grant relief of the type which Data Lease seeks in this case is in line with the position taken by the court below in refusing to grant the same and in indicating that it lacked the power so to do. Citibank, N.A. v. Data Lease Fin. Corp., 700 F.Supp. 1099, 1102-03 (S.D.Fla.1988).
 
 
 46
 This protracted litigation had been ongoing for ten years, and had twice been before this Circuit when Data Lease, represented by counsel, entered into the stipulation dismissing its claims against the agent directors "with prejudice." Represented by new counsel, Data Lease cannot avoid the consequences of such a prior act. See Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390-91, 8 L.Ed.2d 734 (1962).
 
 
 47
 Under the circumstances, even if the court below had the power to grant relief, that refusal surely does not constitute an abuse of discretion which this court should reverse.
 
 
 48
 Accordingly, since all four elements of claim preclusion are present and since Florida law fully accords with the application herein of the bar of claim preclusion, the district court's order dismissing with prejudice Data Lease's counterclaim against Citibank is AFFIRMED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 Citibank, N.A. v. Data Lease Fin. Corp., 700 F.Supp. 1099 (S.D.Fla.1988). For a discussion of the facts of this protracted litigation, see also Citibank, N.A. v. Data Lease Fin. Corp., 828 F.2d 686 (11th Cir.1987), cert. denied, 484 U.S. 1062, 108 S.Ct. 1019, 98 L.Ed.2d 985 (1988); Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333 (5th Cir.1981)
 
 
 [2]
 In Citibank v. Data Lease Fin. Corp., 828 F.2d 686 (11th Cir.1987), this court reversed the district court's grant of summary judgment in favor of Citibank with regard to Data Lease's claims that Citibank was responsible for the acts of the seven directors, and remanded the case for a second time to the district court, holding in that second remand that, under Florida law, the question of whether Citibank was vicariously liable to Data Lease presented issues of disputed fact which the district court should not have determined upon summary judgment. For purposes of resolving the within appeal, we assume that the directors were acting as the agents of Citibank, although that factual determination has not been, and under our holding in this opinion will not need to be, resolved
 
 
 [3]
 Although Data Lease's Second Amended Counterclaim and Third Party Complaint raise a number of counterclaims against Citibank, Data Lease stated in the district court after the last remand by this court that the only counterclaim which it was pressing was for vicarious liability on the part of Citibank because of the actions of Citibank's purported agents, the directors. At that time, Data Lease conceded, after repeated inquiry from the district court, that it had no other viable remaining claims against Citibank. Citibank N.A. v. Data Lease Fin. Corp., 700 F.Supp. at 1103
 
 
 [4]
 It should be noted, however, that questions have been raised as to the wisdom of an absolute rule applying, in connection with issues of preclusion, federal, as opposed to state, law to every prior federal judgment, particularly when a state's interests are importantly involved. See generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4472 at 732-38 (1981 & Supp.1989). In this instance, however, it is not necessary to concern ourselves with that approach, since, herein, as it happens, Florida law and general law as to the nonliability of a principal on a vicarious basis for an agent's wrongdoing after the latter has been released, with prejudice, as well as federal and general law covering principles of preclusion, all require the same result
 
 
 [5]
 Kaspar and other pre-1981 Fifth Circuit decisions rendered prior to the split of that Circuit into the present Fifth and this (the Eleventh) Circuits are binding upon this court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)
 
 
 [6]
 This court, in I.A. Durbin, also wrote (at 1549):
 Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit. There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding....
 
 
 [7]
 Astron is binding upon this court. See note 5, supra
 
 
 [8]
 See note 3, supra
 
 
 [9]
 See Albers v. Gant, 435 F.2d 146, 147 n. 2 (5th Cir.1970), in which the Fifth Circuit cited Lober with approval
 
 
 [10]
 Present "counsel for Data Lease stated that former counsel must have made a mistake in dismissing the third-party claims with prejudice because the stipulation is internally inconsistent in attempting to retain the right to proceed against Citibank." Citibank N.A. v. Data Lease Fin. Corp., 700 F.Supp. at 1101. However, as discussed infra in this opinion, that type of mistake provides no basis for relief
 
 
 [11]
 See note 5, supra