[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13996
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14017-DLG


MATTHEW PAUL MORRIS,

Plaintiff-Appellant,


versus


PAUL C. MAY,
Sheriff,
RONALD WHITE,
Jail Admin.,
SONYA OLDHAM,
Head Nurse, sued in their individual and official capacities,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Morris, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Paul May (Sheriff of Okeechobee County); Ronald White (Jail Administrator of the Okeechobee County Detention Center (OCDC)); and Sonya Oldham (OCDC's Head Nurse). Morris argues that the district court erred in dismissing his claims as frivolous because they were barred by the doctrine of claim preclusion. He further argues that his complaint properly presents several claims for violations of his constitutional rights. After careful review, we affirm.

I.

When a plaintiff proceeds in forma pauperis, the district court must dismiss the case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). For example, if it is clear that an affirmative defense bars the complaint, dismissal at the screening stage is appropriate. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed"). "A determination of frivolity is best left to the district court, and we will review such determinations only for abuse of discretion." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

2

One of the affirmative defenses that may lead to dismissal at the screening stage is the doctrine of claim preclusion (otherwise known as res judicata). The doctrine of claim preclusion bars the filing of claims that were raised or could have been raised in an earlier proceeding when:

> (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Whether a claim is barred by earlier litigation is a determination of law that this Court reviews de novo. Id.

Morris does not dispute that he previously filed a § 1983 complaint against May, White, and Oldham. See Morris v. May, No. 2:10-cv-14307 (S.D. Fla. filed Nov. 12, 2010). He also does not dispute that the United States District Court for the Southern District of Florida was a court of competent jurisdiction that dismissed his claims on the merits. See NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (dismissal for failure to state a claim is a judgment on the merits). Instead, Morris argues that claim preclusion does not apply here because he did not have a full and fair opportunity to litigate his claims in the previous action. Alternatively, he argues that the two cases do not involve the same cause of action because he now raises claims that are "temporally distinct" from those previously rejected by the district court. Both of these arguments are unavailing.

3

A.

First, we agree that claim preclusion only applies when a party has had a "full and fair opportunity to litigate" the claims and issues settled in a previous suit. See Taylor v. Sturgell, 553 U.S. 880, 892–93, 128 S. Ct. 2161, 2171 (2008). But we disagree with Morris's contention that he received less than a full and fair opportunity in his previous case. After Morris filed his previous § 1983 complaint, the district court adopted the magistrate judge's recommendation to dismiss Morris's complaint without prejudice, allowing Morris to provide additional facts supporting his claims. When Morris failed to do so, the district court dismissed Morris's complaint with prejudice. Given that Morris had not just one but two opportunities to state a claim for relief, we cannot say that Morris was denied a "full and fair opportunity to litigate" the claims in his previous § 1983 suit.

Morris responds that it was not possible for him to draft a valid complaint because OCDC systematically denied him access to a law library and opportunities to research his § 1983 claims. He submits that there was no way for him to know the pleading requirements for § 1983 actions or even the rules of procedure without access to some form of legal assistance. In support of this position, Morris reminds us that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or

4

adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977); see also Cruz v. Hauck, 515 F.2d 322, 332 (5th Cir. 1975) (remanding for the district court to determine whether all inmates have adequate access to the courts by reasonable access to attorneys, legal materials, or any other reasonable means).[1]

While we are sympathetic to the fundamental rights of prisoners to access the courts, Morris's argument misses the mark because he does not show how access to a law library would have helped him in his previous § 1983 action. The Supreme Court has told us that prisoners do not have a "freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996). Rather, a prisoner "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. But Morris has not made this showing. His previous lawsuit was not unsuccessful because of a "failure to satisfy some technical requirement" that Morris would have learned about from legal research. Id. Neither was he "so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. Rather, the district court dismissed Morris's complaint because he failed to provide sufficient facts supporting his claims. And

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

when the district court invited him to submit an amended complaint with these additional details, Morris did not do so. Without a more specific showing of prejudice, we cannot conclude that Morris was thwarted from fully and fairly litigating his previous lawsuit.

B.

Morris next argues that his two complaints against May, White, and Oldham involve different causes of action because the claims are "temporally distinct." According to Morris, many of the claims from his previous complaint are "continuous violations" that have persisted since the dismissal of his first complaint. As a result, Morris argues that his new injuries entitle him to a new lawsuit.

Whether claims are "temporally distinct" or even whether they have led to different injuries, however, does not necessarily mean the two causes of action are different. Under our precedent, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (quotation marks omitted). In other words, a court "must look at the factual issues to be resolved in [the second lawsuit], and compare them with the issues explored in" the first lawsuit. S.E.L. Maduro v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus

6

of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same.  Ragsdale, 193 F.3d at 1239.

With these principles in mind, we agree with the district court that the causes of action in Morris's 2013 complaint are identical to the causes of action asserted in his 2010 complaint.  Both complaints seek relief based on the same allegations of mistreatment by May, White, and Oldham: (1) the confiscation of his eyeglasses and medication; (2) his placement in segregation; (3) his "diabetic watch" diet and related medical treatments; (4) Oldham's suggestion that Morris was a sex offender; (5) May and White's failure to take any actions to stop the practices; and (6) the denial of access to a law library to research the issues involved in his criminal case.  The similarities in the factual allegations underlying these two complaints demonstrate that Morris is essentially seeking to relitigate the same "nucleus of operative fact" that he alleged in his previous § 1983 suit.  As a result, the district court did not err in finding that Morris's complaint was barred by the doctrine of claim preclusion.[2]

---

[2] Because we agree with the district court that Morris's claims are barred by claim preclusion, we do not consider his argument that his current complaint properly presents violations of his constitutional rights.

## II.

For these reasons, the district court did not abuse its discretion when it dismissed Morris's complaint as frivolous under § 1915(e)(2)(B)(i).

**AFFIRMED.**