Derek QUINN, Plaintiff-Appellant,

v.

OCWEN LOAN SERVICING, LLC, Deutsche Bank National Trust Company, as Trustee, Defendants-Appellees.

No. 16-17442
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(September 7, 2017)

Derek Quinn, Semmes, AL, for Plaintiff-Appellant

Stephen K. Pudner, Donald Keith Andress, Jade Eleanor Sipes, Baker Donelson Berman Caldwell & Berkowitz, PC, Birmingham, AL, for Defendants-Appellees

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Derek Quinn, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). No reversible error has been shown; we affirm.

Plaintiff filed this civil action in Alabama state court against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company as Trustee for NovaStar Mortgage Funding Trust ("Deutsche"). Briefly stated, Plaintiff purported to assert state law claims against Defendants arising from Defendants' servicing of Plaintiff's mortgage loan and from Defendants' initiation of foreclosure proceedings on Plaintiff's home.

Defendants removed the case to federal court, pursuant to 28 U.S.C. § 1441. The district court dismissed Plaintiff's claims as barred by res judicata based on a 2012 civil action between Plaintiff and Defendants.[1]

## I.

On appeal, Plaintiff first argues that the district court erred in denying Plaintiff's motion to remand the case to state court. Plaintiff contends that the district court lacked diversity jurisdiction over the case because both he and Ocwen are citizens of Alabama.[2]

We review de novo the denial of a motion to remand to state court. Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1328 (11th Cir. 2010). For purposes of diversity juris-

diction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

■ In their notice of removal, Defendants identified Ocwen Mortgage Servicing, Inc. as the sole member of Ocwen. The parties do not dispute that Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands. Because Ocwen's only member is a citizen of the U.S. Virgin Islands, Ocwen is also a citizen only of the U.S. Virgin Islands. See id. That Ocwen has a registered agent in Alabama does not affect Ocwen's citizenship for purposes of diversity jurisdiction.[3] Because complete diversity between the parties exists, the district court committed no error in denying Plaintiff's motion to remand.

## II.

Plaintiff next challenges the district court's dismissal based on res judicata. We review de novo a district court's decision that a claim is barred by res judicata. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Id. A claim is barred by earlier litigation if these four elements are met: (1) prior final judgment on the merits exists (2) the prior decision was rendered by a court of competent jurisdiction, (3) the parties are identical in both suits, and (4) the same cause of action is involved in both cases. Davila v.

---

1. The district court also determined that Plaintiff's state law claim for fraudulent credit-reporting (Count Four) was preempted by the Fair Credit Reporting Act. Plaintiff does not challenge this independent ground for dismissal on appeal.

2. Plaintiff does not dispute that the amount in controversy exceeds $75,000 or that he (a citizen of Alabama) is diverse from Deustche (a citizen of California).

3. A registered agent is no "member" of an LLC: the term "member" means the owners of an LLC.

Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). That the first three elements are met is undisputed. Plaintiff argues only that this civil action involves different causes of action than did Plaintiff's 2012 litigation.

"[C]ases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based on the same factual predicate, as a former action." Israel Disc. Bank Ltd. v. Entin, 951 F.2d 311, 315 (11th Cir. 1992) (quotation omitted). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). "In other words, a court must look to the factual issues to be resolved in the second cause of action, and compare them with the issues explored in the first cause of action." Id. (quotations and alterations omitted).

In both this civil action and in Plaintiff's 2012 litigation, Plaintiff's claims are based on Defendants' refusal to accept Plaintiff's mortgage payments beginning in early 2010 and on Defendants' initiation of alleged unlawful foreclosure proceedings. Because both suits are based on the same factual predicate and arise from the same nucleus of operative fact, the suits involve the same causes of action. See Israel Disc. Bank Ltd., 951 F.2d at 315. Although Plaintiff now purports to assert some legal theories that were not presented in the 2012 litigation, "[r]es judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." See Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998).

Plaintiff's arguments on appeal are without merit. The record evidences that Plaintiff could have raised all of his claims in his earlier 2012 lawsuit. A refusal to allow an amendment in the earlier action because Plaintiff failed to amend in a timely manner does not change our decision. We also reject Plaintiff's argument that he has asserted a new cause of action by alleging that Defendants' wrongful conduct is ongoing. In the 2012 litigation, the district court determined that Plaintiff's mortgage loan was in default and that Plaintiff's "April 2010 payment was properly rejected by Ocwen as inadequate to cure the default." Given the earlier determination that Defendants' conduct was lawful, no new cause of action accrues from Defendants' continued refusal to accept Plaintiff's monthly mortgage payments.

AFFIRMED.