[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15117
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-02350-AKK

DEANDRE RUSSELL,

Plaintiff-Appellant,

versus

REDSTONE FEDERAL CREDIT UNION,
C. HOWARD GRISHAM,
Attorneys and Collection Agency,
JEFFERY L. COOK,
Attorneys and Collection Agency, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 3, 2017)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Deandre Russell appeals the *sua sponte* dismissal of his *pro se* complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e, f; violations of Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq*.; fraud by concealment; breach of fiduciary duties; negligence; and Fifth and Fourteen Amendment due process violations, pursuant to 42 U.S.C. § 1983. He argues that the district court erred by *sua sponte* dismissing his complaint based on *res judicata*.

Barring a claim on the basis of *res judicata* is a determination of law, so our standard of review is *de novo*. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). We may affirm a decision of the district court on any ground supported by the record. See United States v. Fort, 638 F.3d 1334, 1337 (11th Cir. 2011).

To bring an action in a federal district court, a claim generally must involve (1) a federal question, or (2) diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists for all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. An action "arises under" federal law when it is apparent from the face of the plaintiff's well-pleaded

2

complaint that the plaintiff's cause of action is itself created by federal law, or if based upon state law, that a federal law which creates a cause of action is an essential component of the plaintiff's claim. Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 808–09, 106 S. Ct. 3229 (1986). The Supreme Court has noted that if 42 U.S.C. § 1983 does not encompass the claims asserted, then not only is § 1343 jurisdiction defeated, but, unless some other authority for bringing suit were ascertained, general federal-question jurisdiction under 28 U.S.C. § 1331 also would not be available because a claim under § 1983 would not be stated. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 648 n. 6, 99 S. Ct. 1905 (1979).

A district court has supplemental jurisdiction over both additional claims and additional parties when those claims are so related to claims in the action within the original jurisdiction of the court that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

*Res judicata* precludes claims which a plaintiff actually raised or could have raised in a prior suit when (1) there is a final judgment in a prior suit on the merits; (2) the decision in the prior suit is rendered by a court of competent jurisdiction;

(3) the parties in both suits are identical; and (4) both suits involve the same cause of action.  See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990).  We have explained that if a case arises out of the same nucleus of operative fact as a former action, then the two cases are really the same "claim" or "cause of action" for purposes of *res judicata*.  Id. at 1503.

The Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government.  Riley v. Camp, 130 F.3d 958, 972 n. 19 (11th Cir. 1997).  The Due Process Clause of the Fourteenth Amendment provides that no State shall deprive any person of life, liberty, or property, without due process of law.  U.S. Const. Amend. XIV.   By this language, the Fourteenth Amendment is restricted solely to wrongs committed by the State or on behalf of the State by its agents.  United States v. Price, 383 U.S. 787, 794 n. 7, 86 S. Ct. 1152 (1966).  Similarly, a claimant is entitled to redress under § 1983 if he can prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States.  42 U.S.C. § 1983.   Only in "rare circumstances" may a private party be considered a state actor for § 1983 purposes.  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).  For a court to conclude that a private party qualifies as a state actor, it must determine that either (1) the state coerced or, at least, significantly encouraged the alleged action violating the U.S.

4

Constitution; (2) the party carried out a public function that traditionally was the state's exclusive province; or (3) the state had so intertwined itself with the private party that the state was a participant in a joint enterprise. Id.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), district courts are required to screen civil complaints filed by complainants proceeding *in forma pauperis* and dismiss any portion of the complaint that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For a complaint to state a claim upon which relief can be granted, under § 1915(e)(2)(B)(ii), the facts as pled must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

Fraud on the court claims are rarely successful because they must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision preventing the opposing party from fully and fairly presenting his case. Davenport Recycling Assocs. v. Commissioner, 220 F.3d 1255, 1262 (11th Cir. 2000). Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978). A plaintiff must prove fraud on the court by clear and convincing evidence, and conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and

5

convincing probative facts which support such belief do not serve to raise the existence of fraud.  Booker v. Dugger, 825 F.2d 281, 283–84 (11th Cir. 1987).

Here, Russell raises issues arising from his prior bankruptcy case, claiming that his rights were violated in the adjudication of that prior case. It is undisputed that the prior bankruptcy case involved the same parties, the same nucleus of operative facts, and that a court of competent jurisdiction entered a default final judgment against Russell.  Russell claims that Appellees committed fraud on the court, and so he is entitled to relief. However, Russell has not gone beyond conclusory averments and has failed to present clear and convincing probative facts that such fraud occurred.  Further, Appellees in this case are private parties, not government agents.  They are not government actors, so Russell's claims under the Fourteenth Amendment must fail.

With respect to Redstone and its agents, the district court properly dismissed Russell's federal question claims, alleging violations under the Truth in Lending Act and the Fair Debt Collection Practices Act, as being barred by *res judicata* because those claims arose out of the same nucleus of operative fact as those involved in a prior bankruptcy case, there was a final judgment on the merits in that case, the decision in that case was rendered by a court of competent jurisdiction, and the parties in both suits were identical.  Additionally, even though the district court erred by determining that Russell's Fifth Amendment, Fourteenth

Amendment, and § 1983 claims (i.e. the claims against his own attorneys in the prior bankruptcy case and against the prior bankruptcy trustees) were barred by *res judicata* because the parties were not identical in the underlying cases, we may affirm the decision to dismiss because the claims failed to state a claim upon which relief could be granted because none of the defendants are government actors. Lastly, the district court properly declined to exercise supplemental jurisdiction over the state-law claims, including fraud, negligence, and breach of fiduciary duties, because it had already dismissed all claims over which it had original jurisdiction.  Accordingly, we affirm.

     **AFFIRMED.**