[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12657
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00175-HES-JBT

DIANNE ROBERTA ADENIJI,

Plaintiff–Appellant,

versus

FLORIDA STATE COLLEGE,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Dianne Adeniji, proceeding *pro se*, appeals the District Court's dismissal of her action brought under the Florida Civil Rights Act of 1992, the Civil Rights Act of 1964, and the Fourteenth Amendment.  The Court based its dismissal on the doctrine of *res judicata*.  Adeniji contends that *res judicata* does not bar the instant lawsuit, though it is the sixth one she has brought against Florida State College at Jacksonville regarding a trespass order issued in 2011.  She adds that *res judicata* does not apply to intentional discrimination claims brought between 2011 and the present.  Thus, Adeniji posits, the District Court should not have dismissed her suit and instead should have granted either her motion for summary judgment or her motion for default judgment.

We review *de novo* a district court's application of *res judicata*.  *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).  We liberally construe *pro se* briefs.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  *Res judicata* precludes claims which a plaintiff actually raised or could have raised in a prior suit when (1) there is a final judgment on the merits in a prior suit, (2) rendered by a court of competent jurisdiction, (3) involving the same parties, and (4) involving the same cause of action.  *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).  If a present case arises out of the same nucleus of operative fact as a former case, the two cases qualify as the "same claim or cause of action for purposes of *res judicata*."  *Id.* at 1503 (quotations omitted).

2

Here, the District Court properly concluded that Adeniji's sixth action regarding a 2011 trespass order is barred by *res judicata*.  The prior lawsuits were concluded with final judgments on the merits, rendered by a court of competent jurisdiction, and involved the same parties and the same claims.  *See Citibank*, 904 F.2d at 1501, 1503.  Adeniji also cites no case, and we are aware of none, which holds that *res judicata* does not apply to intentional discrimination claims brought between 2011 and now.  The District Court therefore properly terminated Adeniji's pending motions for summary judgment and default judgment and dismissed her action.

**AFFIRMED.**