[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13825
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-00001-TCB

TIMOTHY B. BROWN,

Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOC.,
as trustee for As Trustee, Mastr Asset Backed Securities Trust 2006-AB1,
Mortgage Pass-Through Certificates Series 2006-AB1,
WELLS FARGO BANK N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 15, 2020)

Before WILLIAM PRYOR, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Timothy Brown appeals *pro se* the dismissal of his complaint against U.S. Bank National Association and Wells Fargo Bank, N.A. Brown complained of negligence by Wells Fargo in implementing the Home Affordable Modification Program and refusing to modify Brown's mortgage payments; of a wrongful foreclosure by Wells Fargo and by U.S. Bank; of conversion by both banks; and of violations of the Georgia Consumer Fraud Act by both banks. The district court dismissed Brown's complaint as barred by res judicata and, in the alternative, for failure to state a claim for relief, Fed. R. Civ. P. 12(b)(6). We affirm.

The district court correctly dismissed Brown's complaint as barred by res judicata. "Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well." *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006). The doctrine applies if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Brown does not dispute that his present action and an action he filed in

2

2017 against Wells Fargo and U.S. Bank involve the same parties. The two actions are based on the same factual predicate: the alleged wrongful foreclosure and sale of his property. Brown complained previously of breach of contract, a wrongful foreclosure on his property, and of violations of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, and the district court dismissed the complaint for failure to state a claim, which "unambiguously constitutes a ruling on the merits." *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011) (internal quotation marks omitted). In his new complaint, Brown alleges, for the first time, a claim of negligence for failing to modify his loan payments, but that claim is "based upon the same factual predicate . . . as [his] former action, [so] the two cases are really the same claim or cause of action for purposes of res judicata," *Citibank, N.A. v. Data Leasing Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990). Brown's new legal theory is rooted in the actions Wells Fargo took leading up to and during foreclosure. *See Jaffree v. Wallace*, 837 F.2d 1461, 1468 (11th Cir. 1988) ("Res judicata . . . extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.").

We **AFFIRM** the dismissal of Brown's complaint.

3