[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11512

Non-Argument Calendar

————————————————

ALTHEA MILEY,

Plaintiff-Appellant,

*versus*

DEBORAH J. BURNS,
Individually as Corporate Executive and Employee of
TMST Home Mortgage Loans, Inc.,
f.k.a. Thornburg Mortgage Home Loans, Inc.,
as Mortgage Service Provider (MSP),
TMST HOME LOANS, INC.,
as Mortgage Service Provider (MSP)
f.k.a. Thornburg Mortgage Home Loans, Inc.,

2                    Opinion of the Court                    22-11512

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00616-ELR

_____

Before JILL PRYOR, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Althea Miley, proceeding *pro se*, appeals the district court's dismissal of her complaint that raised federal and state claims related to the foreclosure of her home.  On appeal, Miley argues that the district court improperly determined that she was not opposed to Deborah Burns and TMST Home Mortgage Loans, Inc. motion to dismiss and dismissed her complaint as a sanction for her failure to respond timely to the motion to dismiss.  Miley also argues that the district court improperly determined that her complaint was barred by *res judicata*.  Finally, she argues that the district court had jurisdiction over all her claims because she raised some federal claims in her complaint; thus, it erroneously declined to exercise supplemental jurisdiction over her state law claims.  Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing Miley's complaint.

## I.

We review *res judicata* determinations *de novo* because they are pure questions of law. *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). We review *de novo* a district court's ruling on a Rule 12(b)(6) motion. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The court views the complaint in the light most favorable to the plaintiff and accepts all the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Further, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

## II.

*Res judicata* is a judicially made doctrine created to provide finality to parties who already litigated a claim and to promote judicial economy. *Maldonado*, 664 F.3d at 1375. However, a court is permitted to stray from the rule when a mechanical application would result in manifest injustice and undermine the rule's general effectiveness. *Id.* (quotation marks omitted). The doctrine of *res judicata* bars filing claims that were raised or could have been raised in a prior proceeding. *Id.* (quotation marks omitted). The application of *res judicata* has four requirements: (1) a final judgment on the merits (2) that was rendered by a court of competent jurisdiction with (3) the same parties and (4) the same cause of action. *Id.* (quotation marks omitted). Two cases are generally considered to involve the same cause of action if they arise out of "the same

nucleus of operative fact" or are "based upon the same factual predicate." *Id.* (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)). *Res judicata* bars all legal theories and claims arising out of the same operative nucleus of fact unless a substantial change in the underlying facts or law has transpired. *Id.* at 1376. (quotation marks omitted). "[D]ismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). A court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1252-53 n.13 (11th Cir. 2013). A court also may take judicial notice of matters of public record when considering a Rule 12(b)(6) motion, at least where the truth of the statements in such records is not at issue for purposes of the motion to dismiss. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278, 1280 & n. 15 (11th Cir. 1999).

A district court has supplemental jurisdiction over claims that "form part of the same case or controversy" as the underlying claims to which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

### III.

The record demonstrates that Miley failed to respond timely to the motion to dismiss and the district court properly determined that the motion to dismiss was unopposed. *See* N.D. Ga. Local Rule 7.1(B) (providing that any party opposing a motion must file a response within 14 days and failure to file a timely response will indicate that there is no opposition to the motion). Further, the record indicates that the district court did not dismiss Miley's complaint as a sanction for her failure to respond timely to the motion to dismiss because the district court dismissed her complaint on the merits.

We conclude, based on the record, that the district court properly determined that Miley's complaint was barred by *res judicata*. Miley had previously filed a federal complaint against Burns and TMST; the district court for that case adjudicated the case on the merits; the district court for the prior federal case is a court of competent jurisdiction; and the two federal actions arose out of the same disputed foreclosure and sale of the property for which Miley obtained a mortgage. *Maldonado*, 664 F.3d at 1375. We further conclude that the district court properly declined to exercise supplemental jurisdiction over Miley's state law claims because it had dismissed the claims over which it had original jurisdiction. Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Miley's complaint.

6                    Opinion of the Court                    22-11512

**AFFIRMED.**[1]

---

[1] We DENY the motion for sanctions filed by Burns and TMST Home Mortgage Loans.