**Ezzat E. MAJD-POUR,**
**Plaintiff-Appellant,**

v.

**GEORGIANA COMMUNITY HOSPITAL,**
**INC., Basic American Medical, Inc.,**
**etc., Defendants-Appellees.**

**No. 83-7330**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 6, 1984.

Von E. Memory, Montgomery, Ala., for plaintiff-appellant.

Stark, Doninger, Mernitz, West & Smith, David W. Mernitz, Indianapolis, Ind., for defendants-appellees.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Plaintiff-appellant Ezzat E. Majd-Pour filed suit on May 6, 1983, against defendants Georgiana Community Hospital, Inc. and Basic American Medical, Inc. alleging that the defendants' actions in denying and/or terminating plaintiff's staff privileges violated federal antitrust laws, various state laws, and the equal protection and due process guarantees of the Constitution. Plaintiff requested this case "to be in every way expedited" and sought an order temporarily enjoining the defendants from, *inter alia,* interfering with plaintiff's medical practice and denying or suspending plaintiff's staff privileges at Georgiana Community Hospital.

A hearing on plaintiff's request for a temporary restraining order was held on May 13, 1983. At the conclusion of the evidentiary hearing, the district court denied the request for a temporary restraining order and dismissed the case for lack of subject matter jurisdiction. On appeal, Majd-Pour contends that the district court erred in denying the plaintiff's request for a temporary restraining order and in dismissing the case for lack of jurisdiction. We have carefully reviewed the record and find that the district court did not err in denying the request for a temporary restraining order but that the court acted prematurely in dismissing the case for lack of subject matter jurisdiction.

I

■ At the hearing on the plaintiff's request for a temporary restraining order, the court expressed its concern about the possible lack of subject matter jurisdiction. It is well established that the question of subject matter jurisdiction may be raised at any stage in the proceedings by any party or by the court on its own motion. *See, e.g., Burks v. Texas Co.,* 211 F.2d 443, 445 (5th Cir.1954). "Where the challenge is interposed on an application for a preliminary injunction, the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the

action is tried on the merits." *Industrial Electronics Corp. v. Cline,* 330 F.2d 480, 482 (3d Cir.1964); *see also A.H. Bull Steamship Co. v. National Marine Engineers Beneficial Ass'n,* 250 F.2d 332, 337 (2d Cir.1957) (a substantial probability that the court will find a basis for federal jurisdiction, like the probability of plaintiff's final success on the merits, is a crucial element necessary to justify the issuance of an injunction pending resolution of the suit).

■ At the hearing, the only evidence that addressed the question of subject matter jurisdiction concerned possible diversity of citizenship, but this testimony failed to establish the defendants' principal places of business. Tr. at 8, 18. Evidence of jurisdiction for the antitrust count or for the 42 U.S.C. § 1983 claim was wholly lacking. Having requested expedited action on his request for temporary injunctive relief, it was incumbent upon the plaintiff to come forward at the hearing with competent evidence establishing at least a reasonable probability of ultimate success on the question of jurisdiction. Because the plaintiff failed to offer sufficient evidence of jurisdiction for any of the counts alleged in the complaint, we find no error in the district court's conclusion that the plaintiff is not likely to prevail on the initial question of the jurisdiction of the court. Accordingly, we find no abuse of discretion in the denial of the request for a temporary restraining order.

II

While it is clear that Majd-Pour failed to prove all facts necessary to establish jurisdiction, we do not believe that the plaintiff's failure to establish jurisdiction at the hearing should have resulted in dismissal for lack of jurisdiction. At the hearing, plaintiff's attorney repeatedly argued to the court that through the discovery process he could uncover facts that would later establish jurisdiction. Plaintiff's counsel alleged that discovery would show that the two defendants are actually one entity operating out of the state of Indiana. Tr. at 136. Counsel also maintained that dis-

covery would reveal that the hospital recovered sufficient public money to make the defendants' actions "state action," thereby giving the court jurisdiction over the section 1983 claim. Tr. at 137, 141. Although plaintiff's counsel did not specifically argue the need for discovery to establish antitrust jurisdiction, the former Fifth Circuit has stated that dismissal of an antitrust action for lack of subject matter jurisdiction prior to giving the plaintiff ample opportunity for discovery should be entered sparingly. *See Chatham Condominium Ass'n v. Century Village, Inc.,* 597 F.2d 1002, 1011–12 (5th Cir.1979).

 Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction. *See, e.g., Canavan v. Beneficial Finance Corp.,* 553 F.2d 860, 865 (3d Cir.1977); *Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1034 (10th Cir.1975); *Miller v. United States,* 530 F.Supp. 611, 616 n. 3 (E.D.Pa.1982); 4 Moore's Federal Practice ¶ 26.56[6] & n. 7 (2d ed. 1983). We recognize that the district court has discretion to determine the scope of discovery. *Perel v. Vanderford,* 547 F.2d 278, 280 (5th Cir.1977). Nonetheless, we hold that the district court's dismissal without affording the plaintiff any opportunity to proceed with reasonable discovery was premature and an abuse of the court's discretion. Therefore, we hold that the failure of the plaintiff to prove all facts needed to prevail on the preliminary issue of jurisdiction, while properly leading to denial of the temporary restraining order, ought not to result in dismissal of the entire case, particularly under these circumstances where the plaintiff's attorney protested that with discovery he could show the existence of jurisdiction.

On remand, the district court should permit the plaintiff, if he elects to do so, to pursue reasonable discovery to determine if he can show subject matter jurisdiction under any of the theories in the complaint. If plaintiff's counsel elects to proceed with the case, he should be aware of Fed.R.Civ.P. 11 which states that the signature of an attorney constitutes a certificate that the attorney has read the pleading, that to the best of his or her knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. In noting this rule, we do not express any opinion as to the merits of this case. We observe, however, that plaintiff's counsel appeared at a hearing, convened at his request, not prepared to produce anything approaching a significant showing of jurisdiction. Moreover, by holding that the plaintiff should be given an opportunity for discovery, we do not mean to suggest that the district court may not, on a proper record and a proper showing, deal with the jurisdictional question by way of motion procedure.[1]

Accordingly, we AFFIRM the district court's order denying plaintiff's request for a temporary restraining order, VACATE the district court's order dismissing the case for lack of subject matter jurisdiction, and REMAND the case to the district court with instructions to allow the case to proceed on the complaint of May 6, 1983, unless otherwise amended in accordance with Fed.R.Civ.P. 15.

AFFIRMED in part; VACATED in part; and REMANDED for proceedings consistent with this opinion.

---

1. The district judge's order of dismissal and comments at the hearing indicate that the dismissal was based upon plaintiff's failure to prove jurisdictional facts at the hearing and not upon any possible deficiencies in the allegations of the complaint. If the district court finds on remand that the allegations are deficient, the proper course would be to dismiss the original complaint with leave to amend since leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly. *See Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir.1981); *Seagraves v. Harris,* 629 F.2d 385, 390 (5th Cir.1980); 3 Moore's Federal Practice ¶ 15.09 (2d ed. 1983). By this observation, we express no opinion concerning the adequacy of the allegations in the complaint.