[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit
No. 98-1834

RAFAEL ARZUAGA-PERELLO, ET AL.,

Plaintiffs, Appellants,

v.

THE SHELL COMPANY (PUERTO RICO), ETC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Stahl, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

John E. Mudd and Melvin Rosario on brief for appellants.
Ramon Coto-Ojeda, Armando Llorens and McConnell Valdes on brief for appellee.

February 4, 1999

Per Curiam. Plaintiffs-appellants Rafael Arzuaga
Perello and Beatriz de los Reyes appeal from the district
court's dismissal of their complaint for lack of subject matter
jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). They concede
that the affidavit submitted by defendant-appellee Shell Co.
(Puerto Rico) Limited ("Shell") supports the district court's
ruling that diversity of citizenship between the parties is
lacking. Appellants argue, however, that the district court
abused its discretion by not granting them additional time to
conduct discovery so that they could disprove the factual
allegations contained in the Shell affidavit.
"It is well settled that the trial judge has broad
discretion in ruling on pre-trial management matters and we
review the district court's denial of discovery for abuse of
its considerable discretion. 'We will intervene in such
matters only upon a clear showing of manifest injustice, that
is, where the lower court's discovery order was plainly wrong
and resulted in substantial prejudice to the aggrieved party.'"
Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st
Cir. 1996) (citations omitted).
When faced with a 12(b)(1) motion, a district court
"may allow discovery to be completed on the issue and a further
hearing to be held before ruling on the motion." 5A Charles
Alan Wright & Arthur R. Miller, Federal Practice & Procedure 
1350 (2d ed. 1990). "Where the defendant has challenged the
plaintiff's assertion of federal jurisdiction under Rule 
-2- 
12(b)(1), the court should give the plaintiff an opportunity to
present facts in support of his jurisdictional contention."
Berrios v. Department of Army, 884 F.2d 28, 33 (1st Cir. 1989).
Here, the district court gave appellants such an
opportunity by granting their request for a thirty-day
extension of time to oppose the motion to dismiss. Despite the
extra time, appellants failed even to identify a theory under
which the Shell affidavit could be attacked. Compare Madj-Pourv. Georgiana Community Hosp., Inc., 724 F.2d 901, 903 (11th
Cir. 1984)(reversing and remanding Rule 12(b)(1) dismissal
where "[p]laintiff's counsel alleged that discovery would show
that the two defendants are actually one entity operating out
of the state of Indiana"). Appellants have failed to make "a
clear showing of manifest injustice." Ayala-Gerena, 95 F.3d at
91. There was no abuse of the district court's broad
discretion over discovery matters.
The district court's Opinion and Order dated May 26,
1998, granting appellee's motion to dismiss is affirmed.