[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12779

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

*versus*

3M ELECTRONIC MONITORING,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:16-cv-00776-SPC-NPM

_____

_____

No. 21-12782

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

*versus*

DAY PITNEY LLP et al.,

Defendants,

APAX PARTNERS LLP,
ATTENTI US. INC.,
3M,
MIKE ROMAN,
In his official capacity as CEO of 3M,
ANDREW SILLITOE,

In his official capacity as Co-CEO of
Apax Partners LLP,
MITCH TRUWIT,
In his official capacity as Co-CEO of
Apax Partners LLP,

Defendants-Appellees.

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00310-JES-MRM

————————————

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

While plaintiff Louis Clements was on probation in Florida, he was required to use electronic monitoring equipment supplied by 3M Electronic Monitoring ("3M EM"). According to Clements, the monitoring equipment was defective and repeatedly alerted law enforcement that he was in violation of the terms of his probation when no violation had occurred. Because of the defective equipment, Clements says, he was arrested for violating the terms of his probation and spent 241 days in jail.

Clements, proceeding *pro se*, has filed two lawsuits seeking damages for the injuries he allegedly sustained as a result of using the defective electronic monitoring equipment. In the first lawsuit ("*Clements I*"), Clements sued 3M EM, asserting products liability claims. Although the complaint in *Clements I* was dismissed with prejudice several years ago, Clements recently filed motions under Federal Rule of Civil Procedure 60(b), arguing that the district court's judgment in that case was void because the court lacked subject matter jurisdiction. The district court denied these motions, concluding that the judgment was not void because the court had subject matter jurisdiction.

In the second lawsuit ("*Clements II*"), Clements sued several other entities and individuals, bringing products liability and other claims related to the allegedly defective equipment. The district court dismissed the complaint in *Clements II*, concluding that it lacked personal jurisdiction over some of the defendants and that the claims against the remaining defendants were barred by claim preclusion arising from *Clements I*.

In these consolidated appeals, Clements challenges the district court's orders in *Clements I* denying his Rule 60(b) motions and the district court's orders in *Clements II* dismissing his claims. After careful consideration, we affirm.

I.

In this section, we describe the proceedings in each case. We begin by discussing the claims in *Clements I* and the district court's

order dismissing those claims with prejudice. Then, we address the claims in *Clements II* and the district court's orders dismissing the claims against some defendants without prejudice, for lack of personal jurisdiction, and the claims against other defendants with prejudice, based on claim preclusion. We conclude this section by returning to *Clements I* and describing Clements's recent motions arguing that the judgment in that case is void.

## A.

Several years after the electronic monitoring ended, Clements filed the lawsuit in *Clements I.* He brought products liability claims under Florida law against 3M EM and sought more than $14 million in damages. Clements alleged that he was a citizen of Florida and 3M EM was a citizen of Minnesota.

3M EM filed a motion to dismiss. It argued that the complaint should be dismissed because (1) Clements's claims were barred by the statute of limitations and (2) the complaint failed to state a claim for relief because it did not allege that Clements or his property suffered any tangible, physical harm. The district court granted the motion to dismiss, concluding that it was apparent from the face of the complaint that the claims were time barred, and dismissed the complaint with prejudice.

Clements appealed. While the appeal was pending, 3M Company, 3M EM's parent, sold 3M EM, and the company was renamed Attenti US, Inc. 3M EM filed a motion in this Court seeking to substitute Attenti as the appellee. We granted the motion.

After substituting Attenti as appellee, we affirmed the district court on the ground that Clements failed to state a claim for relief. We explained that under Florida law, to prevail on his products liability claims, Clements had to establish physical harm to his person or property. Because the complaint did not allege that Clements suffered any such harm, we held that he failed to state a claim for relief. *See Clements v. Attenti US, Inc.*, 735 F. App'x 661 (11th Cir. 2018) (unpublished).

## B.

About two years later, Clements filed the *Clements II* lawsuit, again alleging that the electronic monitoring equipment he used while on probation was defective and erroneously caused him to be arrested and incarcerated. He sued Attenti; 3M Company; and 3M Company's chief executive officer, Mike Roman. He also named Apax, a British private equity firm, and its co-chief executive officers, Mitch Truwit and Andrew Sillitoe, as defendants. Clements alleged that Apax acquired Attenti from 3M Company. He brought a variety of products liability and other claims against the defendants.

The defendants moved to dismiss the complaint. Apax, Sillitoe, and Truwit moved to dismiss based on a lack of personal jurisdiction. Apax submitted a declaration from one of its partners stating that Apax was based in England and had never owned 3M EM or Attenti. The declaration also stated that Apax had no connections to Florida and had not engaged in or carried on any business in the state.

Sillitoe and Truwit also submitted declarations showing that they had no connections in Florida. The declarations explained that Sillitoe lived and worked in the United Kingdom and that Truwit lived in Connecticut and worked in New York. Both Sillitoe and Truwit denied having any residential or business ties to Florida.

Clements responded to the motions to dismiss. In the responses, he submitted no evidence to support his position that the court had personal jurisdiction over Apax, Sillitoe, or Truwit, and he did not move or ask that the district court allow him to conduct discovery related to jurisdiction.

3M Company, Attenti, and Roman moved to dismiss based on claim preclusion. They argued that the dismissal order in *Clements I* barred the claims in *Clements II*.

The district court granted the motions to dismiss. The court dismissed the claims against Apax, Sillitoe, and Truwit without prejudice for lack of personal jurisdiction. The court explained that Clements had made only "vague and conclusory allegations" regarding jurisdiction, whereas Apax, Sillitoe, and Truwit had come forward with evidence showing that they had no connections to Florida or the electronic monitoring equipment at issue. *Clements II*, Doc. 101 at 11–12.[1] The district court dismissed the claims

---

[1] Citations in the form of "*Clements I*, Doc." numbers refer to the district court's docket entries in *Clements I*. Citations in the form of "*Clements II*, Doc." numbers refer to the district court's docket entries in *Clements II*.

against 3M, Attenti, and Roman with prejudice based on claim preclusion. Clements appealed.

## C.

After the district court entered the order in *Clements II* dismissing the claims against 3M Company, Attenti, and Roman, Clements filed a Rule 60(b) motion in *Clements I*. He argued that the judgment in *Clements I*, which dismissed his claims with prejudice, was void because the district court lacked subject matter jurisdiction. He acknowledged that his complaint alleged that there was complete diversity of citizenship because he was a citizen of Florida and 3M EM was a citizen of Minnesota. But he contended that he recently learned that 3M EM had its principal place of business in Florida at the time he filed the complaint. To support his position, Clements pointed to a statement from an Attenti employee reporting that the company's principal place of business was Florida.

The district court denied Clements's Rule 60(b) motion. The court explained that the relevant inquiry was whether "[d]iversity . . . exist[ed] at the time of filing" of the complaint and that any subsequent change to 3M EM's citizenship was "irrelevant." *Clements I*, Doc. 85 at 4 (internal quotation marks omitted). Although Attenti had moved its principal place of business to Florida, the court found that Clements had not called into doubt that, at the time the complaint was filed, 3M's principal place of business was Minnesota. Because there was subject matter jurisdiction, the court

21-12779              Opinion of the Court              9

concluded that the judgment dismissing Clements's claims with prejudice was not void.

After the district court denied the motion, Clements filed another motion making the same argument: that the district court's judgment was void because the court lacked subject matter jurisdiction. The district court again denied the motion. Clements appealed.

## II.

We review *de novo* a dismissal for lack of personal jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). We review a district court's denial of jurisdictional discovery for abuse of discretion. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

We review *de novo* a district court's application of the doctrine of claim preclusion. *See Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

"We review *de novo* a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) (alteration adopted) (internal quotation marks omitted).

We liberally construe the pleadings of *pro se* litigants. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

Clements raises three issues on appeal. First, he argues that in *Clements II* the district court had personal jurisdiction over Apax, Sillitoe, and Truwit, and thus the court erred in dismissing the claims against these defendants. Second, he argues that his claims in *Clements II* against 3M Company, Attenti, and Roman were not barred under the doctrine of claim preclusion. Third, he argues that the judgment in *Clements I* is void because the district court lacked subject matter jurisdiction. We address each issue in turn.

## A.

We begin with whether the district court in *Clements II* erred in dismissing Clements's claims against Apax, Sillitoe, and Truwit for lack of personal jurisdiction. In a diversity case, a court has personal jurisdiction over a non-resident defendant if "(1) the state's long-arm statute provides jurisdiction, and (2) the exercise of such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Tufts v. Hay*, 977 F.3d 1204, 1211 (11th Cir. 2020).

On appeal, Clements does not challenge the district court's conclusion that, based on the record before it, the court lacked personal jurisdiction. He instead takes a difference tack and says that the district court should have afforded him an opportunity to conduct jurisdictional discovery to establish that Apax, Sillitoe, and Truwit in fact had contacts with Florida.

As a general matter, a "plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). But a district court does not abuse its discretion in dismissing an action for lack of personal jurisdiction when the plaintiff failed to diligently pursue such discovery. *See United Techs. Corp.*, 556 F.3d at 1280–81 (concluding that district court did not abuse its discretion in dismissing plaintiff's claims for lack of personal jurisdiction when the plaintiff never filed a motion requesting jurisdictional discovery or took other "reasonable steps to seek discovery"); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (concluding that plaintiffs failed to act with diligence when there was "only [an] allusion to jurisdictional discovery" in their response to the motion to dismiss and the plaintiffs never informed the court "what they thought could or should be discovered").

Here, the district court did not abuse its discretion in dismissing the claims against Apax, Sillitoe, or Truwit because Clements did not diligently pursue jurisdictional discovery. Even after liberally construing Clements's filings, we do not see any indication in the record that he ever asked the district court to permit him to conduct jurisdictional discovery. He filed no motion asking for jurisdictional discovery and did not mention the need to conduct jurisdictional discovery in any of his responses to the motions to dismiss filed by Apax, Sillitoe, or Truwit. In these circumstances, we cannot say that the district court abused its discretion in dismissing

for lack of personal jurisdiction the claims against these three defendants.

## B.

We next consider whether the district court erred in dismissing Clements's claims in *Clements II* against Attenti, 3M Company, and Roman as barred by the doctrine of claim preclusion.

The doctrine of claim preclusion, sometimes referred to as *res judicata*, forecloses the "relitigation of matters that were litigated or could have been litigated in an earlier suit." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Claim preclusion bars a subsequent lawsuit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved both cases." *Id.*

The district court correctly concluded that claim preclusion barred Clements's claim because the four elements were satisfied here.[2] First, there was a final judgment on the merits in *Clements*

---

[2] Clements argues that we should look to Florida state law to decide whether claim preclusion applies. He points to the Supreme Court's decision in *Semtek International Inc. v. Lockheed Martin Corp.*, which held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," and that federal common law should be derived from "the

*I.* In that case, we affirmed the dismissal with prejudice of Clements's complaint because he failed to state a claim for relief. It is well established that a dismissal for failure to state a claim for relief is considered a final judgment on the merits for purposes of claim preclusion. *See NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).

Second, the judgment in *Clements I* was entered by a court of competent jurisdiction. As we explain in more detail below in Part III-C, the district court in that case had subject matter jurisdiction because there was diversity of citizenship at the time the lawsuit was filed.

---

law that would be applied by state courts in the State in which the federal diversity court sits." 531 U.S. 497, 508 (2001).

Admittedly, our jurisprudence on whether, when reviewing claim preclusion issues, we apply state or federal law in cases involving diversity jurisdiction has a convoluted and contradictory history. *See CSX Transp., Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1335, 1338–40 (11th Cir. 2017) (clarifying "discordant" case law on "whether federal common law borrows the doctrine of collateral estoppel as defined by state law, or applies the doctrine only as defined by federal law, to determine the preclusive effect of an earlier judgment of a federal court that exercised diversity jurisdiction" in light of the Supreme Court's holding in *Semtek* (citations omitted)). Fortunately, we need not resolve whether federal common law borrows from state law here, as we have recognized that "[a] comparison between Florida rules and federal rules governing claim . . . preclusion reveals that the relevant principles are largely identical." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1337 (11th Cir. 2014) (collecting and comparing Florida and Eleventh Circuit preclusion cases). Under either federal or Florida law, we would conclude that claim preclusion barred Clements's claims.

Third, we conclude that the two lawsuits involved identical parties or those in privity with them. "Privity is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004) (internal quotation marks omitted). Clements was a party to both lawsuits—he was the plaintiff in both cases. 3M EM was a defendant in *Clements I*, and its successor, Attenti, was a defendant in *Clements II*. Even assuming the two entities were not identical, Attenti had the same interests as 3M EM, and its interests were adequately protected by its predecessor, 3M EM. Likewise, 3M Company and its CEO Roman had the same interests as 3M Company's subsidiary 3M EM, and 3M EM adequately represented their interests.

Fourth, the two cases involved the same cause of action. To determine whether the same causes of action are present, we "look to the factual issues to be resolved in the second cause of action, and compare them with the issues explored in the first cause of action." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (alteration adopted) (internal quotation marks omitted). "[I]f a case arises out of the same nucleus of operative fact . . . as a former action, [then] the two cases are really the same claim or cause of action for purposes of" claim preclusion. *Id.* (internal quotation marks omitted). This test requires a court to "compare

the substance of the actions, not their form." *Id.* (internal quotation marks omitted).

Here, a comparison of the substance of *Clements I* and *Clements II* shows that they involved the same causes of actions. The two cases arose out of the same nucleus of operative facts. In each case, Clements alleged that the defendants provided him with defective electronic monitoring equipment, which caused his arrest and incarceration.

Clements argues that the two cases did not involve the same nucleus of operative facts because, he says, some of the claims in *Clements II* arise out of "new occurrences" from the period after the complaint in *Clements I* was filed. Appellant's Br. at 26. But the record does not support his position. Just like in *Clements I*, all of the claims in *Clements II* arose from the harm that Clements experienced when he was provided with the defective electronic monitoring equipment while on probation. Because the claims in both cases arose from the same nucleus of operative facts, we conclude that the two lawsuits involved the same causes of action.

All four elements of claim preclusion were present; therefore, the district court did not err in dismissing the claims against Attenti, 3M Company, and Roman.[3]

---

[3] On appeal, Clements raises one other issue related to *Clements II*. He argues that the district court judge should have *sua sponte* recused himself, accusing the district court judge of having acted in "bad faith" and being biased against

C.

Clements also argues that the district court erred in denying his motions to vacate as void the judgment dismissing his claims with prejudice in *Clements I*. He argues that the judgment was void because the district court lacked subject matter jurisdiction.

Federal Rule of Civil Procedure 60(b)(4) provides that a district court may relieve a party from a final judgment or order that is void. A judgment is "void" under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal quotation marks omitted). Here, Clements argues only lack of subject matter jurisdiction.

A district court has subject matter jurisdiction over all civil actions where (1) the suit is between citizens of different states and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In assessing whether a suit is between citizens of

---

him. Appellant's Br. at 39. A judge must *sua sponte* recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). After carefully reviewing the record, we cannot say that an objective, disinterested, lay observer would have had doubts about the district court judge's impartiality.

different states, we look at the "the citizenship of the parties . . . with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569–70 (2004).

We conclude that the judgment in *Clements I* was not void because the court had subject matter jurisdiction. The lawsuit was between citizens of different states.[4] At the time the lawsuit was filed, Clements was a citizen of Florida, and 3M EM was a citizen of Minnesota. The record reflects that, after the complaint was filed, 3M EM was sold, and its successor became a citizen of Florida. But the relevant question is 3M EM's citizenship "at the time of filing" the complaint. *See id.* Because 3M EM was not a citizen of Florida at that time, the district court had subject matter jurisdiction. The judgment in *Clements I* was not void, so the district court properly denied Clements's Rule 60(b) motions.[5]

---

[4] There is no dispute that the amount in controversy requirement was satisfied because Clements sought well over $75,000.

[5] Clements also suggests that the judgment in *Clements I* was void for other reasons, including that before entering the judgment the district court improperly took judicial notice of facts related to Clements's criminal case and failed to afford him an opportunity to amend his complaint. Because the district court had "jurisdiction of the subject matter, or of the parties" and did not act "in a manner inconsistent with due process of law," the judgment was not void. *See Burke*, 252 F.3d at 1263 (internal quotation marks omitted).

18                    Opinion of the Court                    21-12779

## IV.

For the reasons discussed above, we affirm.[6]

**AFFIRMED.**

---

[6] Also pending is Clements's Motion for Leave to File Supplemental Brief. The motion is DENIED.